USDC SCAN INDEX SHEET










```
TKL    2/2/06    13:46
3:06-CV-00248   MYERS V. LHR INC
*1*
*CMP.*
```

Douglas J. Campion, Esq. (SBN: 75381)
**LAW OFFICES OF DOUGLAS J. CAMPION**
409 Camino Del Rio South, Suite 303
San Diego, CA 92108
Telephone: (619) 299-2091
Facsimile: (619) 543-9307

Robert L. Hyde, Esq. (SBN: 227183)
bob@westcoastlitigation.com
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
**HYDE & SWIGART**
110 West C Street, Suite 2018
San Diego, CA 92101
Telephone: (619) 233-7770
Facsimile: (619) 330-4657

Attorneys for Plaintiff
Darla L. Myers, f/k/a Darla L. Raymond

FILED
2006 FEB -1 PM 3:32
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
_____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARLA L. MYERS, F/K/A DARLA L. RAYMOND,<br>PLAINTIFF,<br>v.<br>LHR, INC., and S & P Capital Investments, Inc.,<br>DEFENDANTS. | Case No.: 06 CV 0248 JM LSP<br><br>VERIFIED COMPLAINT FOR DAMAGES<br><br>JURY TRIAL DEMANDED |

ORIGINAL

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress enacted the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt

collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.1

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

3. DARLA L. MYERS, formerly known as DARLA L. RAYMOND, (hereinafter "Plaintiff"), by her attorneys, brings this action to challenge the actions of LHR, INC. (hereinafter "LHR") and S & P Financial Investments, Inc., (hereinafter "S&P"), with regard to attempts by Defendants, as debt collectors, to unlawfully and abusively attempt to and collect a debt allegedly owed by Plaintiff, which conduct caused Plaintiff damages.

4. For the purposes of this Verified Complaint for Damages, unless otherwise indicated, "Defendants" include all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers of the defendants named in this caption.

## JURISDICTION AND VENUE

5. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1367 for supplemental state law claims.

6. This action arises out of Defendants' violations of the following: the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 (RFDCPA), the Fair Debt Collection Practices Act, 15 U.S.C. §§

---

[1] 15 U.S.C. §§ 1692(a)-(e)

VERIFIED COMPLAINT FOR DAMAGES         PAGE 2 OF 2

1692 et seq., and California's Unfair Competition Law, Business & Professions Code Section 17200 et seq. Because Defendants do business within the State of California, personal jurisdiction is established.

7. Venue is proper pursuant to 28 U.S.C. § 1391.

## PARTIES

8. Plaintiff is a natural person who resides in the City of San Diego, County of San Diego, State of California and was obligated or allegedly was obligated to pay a debt, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

9. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

10. Plaintiff is informed and believes, and thereon alleges, that LHR is a company operating from the City of Hamburg, County of Erie, State of New York.

11. Plaintiff is informed and believes, and thereon alleges, that S&P is a company operating from the City of Euless, County of Tarrant, State of Texas.

12. Plaintiff is informed and believes, and thereon alleges, that Defendants are persons or entities that use an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and are therefore "debt collectors" as that term is defined by 15 U.S.C. § 1692a(6).

13. Plaintiff is informed and believes, and thereon alleges, that Defendants are not attorneys or counselors at law and are both entities that, in the ordinary course of business, regularly, on behalf of themselves or others, engage in

debt collection as that term is defined by California Civil Code § 1788.2(b), and are therefore "debt collectors" as that term is defined by California Civil Code § 1788.2(c).

14. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

## FACTUAL ALLEGATIONS

15. At all times relevant, Plaintiff was an individual residing within the State of California.

16. Plaintiff is informed and believes, and thereon alleges, that at all times relevant Defendants conducted business in the State of California.

17. Sometime prior to February 9, 2001, Plaintiff allegedly incurred financial obligations to an auto financing company that were assigned or transferred to Nafco Holding Company, that were money, property, or their equivalent, which were due or owing, or alleged to be due or owing, from a natural person to another person and were therefore "debt(s)" as that term is defined by California Civil Code §1788.2(d), and "consumer debt(s)" as that term is defined by California Civil Code §1788.2(f).

18. These financial obligations were primarily for personal, family or household purposes and are therefore "debt(s)" as that term is defined by 15 U.S.C. §1692a(5).

19. Plaintiff is informed and believes, and thereon alleges, that subsequently, but before February 9, 2005, the alleged debt was assigned, placed, or otherwise transferred, to both Defendants for collection, and that they worked in concert with one another, and conspired, in order to maximize the proceeds to be received from the collection of the debt.

//

20. On or about February 9, 2005, a date subsequent to the tolling of the contractual statute of limitations, LHR communicated with Plaintiff by leaving a message Plaintiff's answering machine at Plaintiff's home.

21. Subsequently, Plaintiff returned LHR'S telephone call. During this conversation, Plaintiff made it clear that she disputed the debt as stated by LHR, and asked to speak with a manager. A person who identified himself as Tony Termer (hereinafter "Termer") then came on the telephone and attempted to convince Plaintiff to agree to pay off the debt. Over a period of several days, Plaintiff and Termer spoke several times about the debt, at Termer's insistence. Termer also tried to get Plaintiff's bank account information and threatened to bring a lawsuit against Plaintiff to "garnish [Plaintiff's] wages."

22. This statement represented the threat to take an action that cannot legally be taken or that Defendant did not intend to take, and violated 15 U.S.C. §§ 1692e, 1692e(2)(B), 1692e(4), 1692e(5), 1692e(10), Cal. Civ. Code §§ 1788.10(e), and 1788.13(i). Because this action violated 15 U.S.C. §§ 1692e, 1692e(2)(B), 1692e(4), 1692e(5), and 1692e(10), it also violated Cal. Civ. Code 1788.17.

23. Other telephone conversations ensued between Termer, LHR'S agent, and Plaintiff in which the parties negotiated if and how much Plaintiff would pay to LHR to retire that alleged obligation. On or about March 12, 2005, Plaintiff received a letter from LHR signed by J.P. Michaels, "Department Manager", in which LHR offered to accept $2,957.70 as "payment in full" of this account.

24. Because Plaintiff was in the process of purchasing a home, and was anxious about the possibility that this alleged debt might have a negative affect on her ability to obtain credit, Plaintiff made the business decision to pay off this

//

alleged debt, and on or about March 12, 2005 Plaintiff wire-transferred to LHR the sum of $2,957.70.

25. Subsequently, on or about March 14, 2005, Plaintiff received a letter from LHR confirming the fact that LHR had received the check for $2,957.70 and that the debt was "Paid in Full with LHR, Inc." and that Plaintiff's "credit file will be updated accordingly." That letter was also signed by the same J.P. Michaels, "Department Manager" of LHR who signed a prior March 12, 2005 letter.

26. On or about June 30, 2005, Plaintiff's mortgage lender agent advised Plaintiff that he had checked Plaintiff's credit for a possible home financing transaction. The agent had discovered that sometime after Plaintiff had paid the above alleged debt, S&P had reported this debt to one or more major credit reporting agencies as being owed to S&P in a new and substantially larger sum of $11,468.00.

27. Plaintiff immediately called LHR and spoke to Adam Schifferly. Plaintiff asked why the debt had been sold and now showed up on her credit report when it was, in fact, paid in full to LHR on or about March 14, 2005. Schifferly agreed with Plaintiff that the debt was paid in full and agreed to investigate and "get back to [Plaintiff.]"

28. On July 1, 2005, having heard nothing from LHR or Schifferly, Plaintiff contacted LHR and asked to know what their investigation had revealed.

29. In that conversation, Plaintiff was connected to LHR'S representative Termer, who stated that S&P was LHR'S "sister agency" and that he could speak as the agent for S&P.

30. LHR, through its representative Termer, represented that as S&P'S "sister agency," S&P had the legal right to pursue whatever amount had not been paid off in the previous agreement because LHR and S&P had each paid $1,000.00 for Plaintiff's alleged debt. Termer told Plaintiff he could speak to

S&P on Plaintiff's behalf to attempt to "straighten things out." After putting Plaintiff on hold for a few minutes, Termer then told Plaintiff that S&P had just informed him that S&P would not take less than 40% of the remaining value of the debt and as such, Plaintiff would be required to pay to LHR an additional $988.50 to satisfy the obligation now assigned to S&P.

31. The communication made by Termer was a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt, and unfair and unconscionable. As such, this action by LHR violated 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(10), 1692e(12), 1692f, 1692f(1), Cal. Civ. Code §§ 1788.13(i), and 1788.14(b). Because this action violated 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(10), 1692e(12), 1692f, and 1692f(1), it also violated Cal. Civ. Code § 1788.17.

32. On or about July 5, 2005, Plaintiff telephoned S&P using the telephone number on the consumer report. When Plaintiff identified herself, the person answering the telephone told Plaintiff to call another number that was identified as being an S&P extension. Plaintiff called this number, identified herself, and was put on hold so S&P could "review the record." To Plaintiff's surprise, Termer, LHR'S agent, answered the telephone on behalf of S&P. Termer then demanded Plaintiff pay the additional $988.50 he had previously requested.

33. On or about July 6, 2005, LHR sent Plaintiff a letter regarding the "S&P Capital Account", with a "balance" of $7,081.34, apparently giving partial credit for Plaintiff's "paid in full" payment to LHR on or about March 14, 2005. In this letter LHR demanded that Plaintiff pay $988.50 to once again "pay off" the debt, a debt LHR had previous settled as Paid in Full.

34. As such, on or about March 14, 2005, LHR had induced Plaintiff to make the payment of $2,957.70 upon the express representation that payment would finally and for all time settle the alleged debt, when in fact both Defendants,

together, now demanded an additional $988.50 to which they were not entitled before they would agree to correct Plaintiff's consumer report.

35. On or about July 18, 2005, LHR and S&P, through their representative Termer, contacted Plaintiff by telephone and again demanded payment of this new alleged debt of $988.50.

36. During this conversation, Defendants' agent, Termer, stated that S&P would bring a "lawsuit" and he now demanded even more money.

37. This statement represented the threat to take an action that cannot legally be taken or that Defendant did not intend to take, and violated 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(2)(B), 1692e(5), 1692e(10), Cal. Civ. Code §§ 1788.13(i), and 1788.13(j). Because this action violated 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(2)(B), 1692e(5), and 1692e(10), it also violated Cal. Civ. Code 1788.17.

38. During this same conversation Termer stated that Defendants intended to "make buying a car very difficult in the future [for Plaintiff]" and that Defendants intended to "garnish [Plaintiff's] wages."

39. These statements represented the threat to take an action that cannot legally be taken or that Defendant did not intend to take, and violated 15 U.S.C. §§ 1692e, 1692e(5), and 1692e(10). Because this action violated 15 U.S.C. §§ 1692e, 1692e(5), and 1692e(10), it also violated Cal. Civ. Code 1788.17.

40. On or about July 21, 2005, Termer, again contacted Plaintiff by telephone and demanded payment of this new alleged debt.

41. During this conversation Termer stated this debt would continue to stay on Plaintiff's consumer report and that if [Plaintiff] really wanted it removed, "[Plaintiff] would have to pay for it." Termer also threatened to call Plaintiff "every single day" to ask her to pay the debt, and asked how she would like that. Termer also threatened to send Plaintiff a Form 1099 for the amount of the debt "forgiven" in the approximate amount of $7,000 and stated that

1 | Plaintiff would have to pay taxes on it if he did, but he would not do so if Plaintiff paid the amount of the new request, $988.50.

42. The communication made by Defendants to Plaintiff was an attempt to lure Plaintiff into a federal criminal conspiracy and was a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt, was unfair and unconscionable. As such, this action by Defendants violated 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(10), 1692e(12), 1692f, and 1692f(1). Because this action violated 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(10), 1692e(12), 1692f, and 1692f(1), it also violated Cal. Civ. Code § 1788.17.

43. LHR and S&P conspired to commit some or all of the wrongful acts alleged herein, and as a result, are jointly liable as co-conspirators for any damages suffered by Plaintiff.

44. Because of the above illegal conduct by Defendants, Plaintiff has been injured.

## CAUSES OF ACTION CLAIMED BY PLAINTIFF

### First Cause of Action

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 et seq.

45. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

46. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

//
//
//
//

47. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each Defendant.

## Second Cause of Action
### VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
### §§ 1788-1788.32 (RFDCPA)

48. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

49. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

50. As a result of each and every violation of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to California Civil Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to California Civil Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to California Civil Code § 1788.30(c) from each Defendant.

## Third Cause of Action
### Violation of the California Unfair Competition Law
### (Business & Professions Code Section 17200 et seq.)

51. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

52. Plaintiff paid money as a result of such illegal conduct as detailed herein, and therefore has standing to bring this cause of action for violation of the Unfair Competition law. Such conduct as detailed herein is improper and illegal and constitutes unfair competition. By the conduct alleged herein, Defendants committed unlawful, unfair and fraudulent business acts or practices within

the meaning of Business and Professions Code Section 17200, et seq. Defendants also violated California common and statutory law. Such wrongful conduct also constitutes action that created a likelihood of deceiving consumers, the justification of which is outweighed by the dangers of misrepresentation and deceit it created.

53. As a result of the conduct described above, Defendants have been and will be unjustly enriched at the expense of Plaintiff. Specifically, Defendants have been unjustly enriched by the receipt of the amounts paid by Plaintiff to retire her alleged debt. Such payment was made as a result of practices that were illegal, deceptive, unfair and misleading, and which affirmatively misrepresented, either directly or by implication, or by omission, the Defendants' rights to collect the debt allegedly owed, and the other conduct alleged herein.

54. Pursuant to the Business and Professions Code, Plaintiff requests an order of restitution requiring Defendants to pay back to Plaintiff all moneys paid by her to the Defendants pursuant to such acts of unfair competition. Plaintiff also seeks interest and attorneys' fees pursuant to C.C.P. Section 1021.5 and as otherwise allowed by law, so as to restore any and all monies to Plaintiff which were acquired and obtained by means of such unfair competition.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants, and each of them, for:

### FAIR DEBT COLLECTION PRACTICES ACT

- an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) in an amount to be adduced at trial, from Defendant;
- an award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

//

- an award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3).

### ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

- an award of actual damages pursuant to California Civil Code § 1788.30(a) in an amount to be adduced at trial, from Defendant;
- an award of statutory damages of $1,000.00, pursuant to California Civil Code § 1788.30(b);
- an award of costs of litigation and reasonable attorney's fees, pursuant to California Civil Code § 1788.30(c).

### UNFAIR COMPETITION LAW
### (BUS. & PROF. CODE SECTION 17200)

- An order requiring restitution to Plaintiff of all funds paid to Defendants through the acts of Unfair Competition alleged herein;
- An injunction prohibiting such action in the future; and
- An award of attorney's fees pursuant to C.C.P. Section 1021.5 and as otherwise allowed by law, and for costs of suit.

### TRIAL BY JURY

55. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury on the issues triable by jury.

Dated: 2/1/06

**Law Offices of Douglas J. Campion**

By: _____
Douglas J. Campion

**Hyde & Swigart**

By: _____
Robert L. Hyde, Esq.
Attorneys for Plaintiff

*Affidavit and Verification of Complaint by Darla L. Myers*

*Regarding: Myers v. LHR, Inc, et al.*

I, Darla L. Myers, upon my oath, declare and say as follows:

(1) I am the Plaintiff in this civil proceeding.

(2) I have read the Civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information, and belief formed after reasonable inquiry.

(3) I believe that this Civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for an extension, modification, or reversal of existing law.

(4) I believe that this Civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

(5) I have filed this Civil Complaint in good faith and solely for the purposes set forth.

I, Darla L. Myers, declare the foregoing to be true and correct under penalty of perjury under the laws of the State of California.

_____
Darla L. Myers

26 Dec 05
_____
Date Signed

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**I (a) PLAINTIFFS**
Darla L. Myers, a/k/a Darla L. Raymond

**DEFENDANTS**
LHR, Inc., and S & P Capital Investments, Inc.

FILED
2006 FEB -1  PM 3: 30
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
Erie, NY
BY_____ DEPUTY

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF**  San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
Robert L. Hyde (SBN: 227183)
110 West C Street, Ste. 2018
San Diego, CA 92101
(619) 233-7770
(619) 330-4657 fax

**ATTORNEYS (IF KNOWN)**
Unknown

'06 CV 0248 JM   LSP

**II. BASIS OF JURISDICTION** (PLACE AN x IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PT | DEF |  | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. CAUSE OF ACTION** (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).
Fair Debt Collection Practices Act, 15 U.S.C. §1692, seq. and the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code 1788 et seq, and Cal. Civ. Code Sec. 17200 et seq.

**V. NATURE OF SUIT** (PLACE AN X IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury-Medical Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC881 | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment &Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 640 RR & Truck | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 861 HIA (13958) | ☐ 850 Securities/Commodities Exchange |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 862 Black Lung (923) | |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC |
| ☐ 195 Contract Product Liability | | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 720 Labor/Mgmt. Relations | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 950 Constitutionality of State |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | ☒ 890 Other Statutory Actions |
| | | ☐ 555 Prisoner Conditions | | | |

**VI. ORIGIN** (PLACE AN X IN ONE BOX ONLY)

☒ 1 Original Proceeding  ☐ 2 Removal from State Court  ☐ 3 Remanded from Appelate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:**  ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23   DEMAND $ 50,000   Check YES only if demanded in complaint: JURY DEMAND: ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See Instructions): JUDGE _____ Docket Number _____

DATE 01/05/06 2/1/06   SIGNATURE OF ATTORNEY OF RECORD

::ODMA\PCDOCS\WORDPERFECT\22816\1 January 24, 2000 (3:10pm)



PAID $250°° 2/1/06
BH RCPT# 121022