UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARLA L. MYERS, f/k/a DARLA L. RAYMOND<br><br>                          Plaintiff,<br><br>    vs.<br><br>LHR, INC., and S & P CAPITAL INVESTMENTS, INC.<br><br>                          Defendants. | CASE NO. 06cv0248 JM(LSP)<br><br>ORDER GRANTING MOTION FOR DEFAULT JUDGMENT; AWARDING DAMAGES AND ATTORNEY'S FEES |

Plaintiff Darla L. Myers moves for entry of default judgment against Defendant S & P Capital Investments, Inc. ("S & P"), an award of compensatory and statutory damages, and an award of attorney's fees. S & P has not responded to the motion. Pursuant to Local Rule 7.1(d)(1), this matter is appropriate for decision without oral argument. For the reasons set forth below, the court enters default judgment in favor of Plaintiff and against Defendant S & P in the total amount of $92,000 and awards attorney's fees in the amount of $24,934.50.

## BACKGROUND

On February 1, 2006 Plaintiff commenced this federal question action alleging three causes of action for violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"), the Rosenthal Fair Debt Collection Practices Act, Cal. Civ.Code §1788 et seq. ("RFDCPA"), and for violation of Cal. Business & Professions

1  Code §17200 et seq. Plaintiff alleges that she incurred a financial obligation to an
2  automobile finance company prior to February 9, 2001. (Compl. ¶17). Then, at some
3  time prior to February 9, 2005, the debt was assigned to LHR, Inc. ("LHR") and S &
4  P for collections. (Compl. ¶19).

5  On or about February 9, 2005, a date allegedly after the lapse of the relevant
6  statute of limitations, (Compl. ¶20), Plaintiff was contacted by Tony Termer at LHR
7  and threatened with a lawsuit and garnishment of her wages unless she paid the debt.
8  (Compl. ¶21). The parties negotiated a debt amount and, on March 12, 2005, Plaintiff
9  received a letter from LHR indicating that it would accept $2,957.50 as payment in full
10 on the debt. (Compl. ¶23). At this time, "Plaintiff was in the process of purchasing a
11 home, and was anxious about the possibility that this alleged debt might have a negative
12 affect on her ability to obtain credit. Plaintiff made the business decision to pay off this
13 alleged debt," and so wire transferred the funds to LHR in the amount of $2,957.50.
14 (Compl. ¶24). On March 14, 2005 Plaintiff received a letter from LHR indicating that
15 the loan was paid in full. (Compl. ¶25).

16 On June 30, 2005 Plaintiff was informed by her mortgage lender that S & P had
17 reported the alleged debt to the major credit reporting agencies and listed the amount
18 owed as $11,468. (Compl. ¶26). Plaintiff immediately contacted LHR and was again
19 informed that the debt had been paid in full. On or about July 1, 2005 Plaintiff again
20 spoke with Tony Termer who represented that S & P was a "sister agency" to LHR and
21 that he was an authorized representative of S & P. (Compl. ¶¶28, 29). Tony Termer
22 also represented that LHR and S & P had each paid $1,000 for Plaintiff's alleged debt
23 and that she remained liable for the debt. Over the next few weeks Termer, as a
24 representative of both LHR and S & P, again threatened Plaintiff with legal action, the
25 garnishment of wages, and the imposition unwarranted tax liability, despite LHR's
26 representation that the debt hd been paid in full. (Compl. ¶¶36-42). Such improper
27 contacts, threats, and harassment allegedly violated FDCAP, RFDCPA, and Cal. Bus.
28 & Prof. §17200 et seq. (Compl. ¶35-42).

1   After an original appearance on behalf of S & P, on July 18, 2006 the court granted the request of S & P's counsel to be relieved as counsel of record. On September 18, 2006 the court provided notice to S & P that it could not represent itself as a corporation. The court directed S & P to obtain counsel within 20 days. S & P failed to retain counsel and on June 6, 2007 the court granted Plaintiff's motion to strike the answer of S & P for failure to appear and the Clerk of Court entered default against S & P.

Following a settlement of the action between Plaintiff and LHR, on June 12, 2007 the court granted the parties joint motion for dismissal. The settlement provided that LHR compensate Plaintiff for statutory and actual damages in the amount of $45,000. As part of the settlement, Tom Termer provided a declaration wherein he represented that LHR received from Plaintiff the amount of $2,957.70 in full settlement of the outstanding debt. He also declared that he was required by S & P to demand an additional $998.50 from Plaintiff despite the fact that he knew that the debt had been paid in full. He also represented that S & P would not remove the negative entry from Plaintiff's credit report until Plaintiff paid the additional requested amounts. (Termer Decl., Plaintiff Exh. 2).

Plaintiff now moves for entry of default judgment against S & P in the amount of $92,000 and an award of attorney's fees in the amount of $24,934.50.

**DISCUSSION**

Federal Rule of Civil Procedure 55(b) provides, in pertinent part, that after entry of default, "the party entitled to a judgment by default, shall apply to the court therefor." Ordinarily, the default itself established the defendant's liability. "Upon default, the well-pleaded allegations of the complaint relating to liability are taken as true," but not allegations as to the amount of damages. Dundee Cement Co. v. Howard Pipe & concrete Products, 722 F.2d. 1319, 1323 (3rd Cir. 1983); TeleVideo systems Inc. v. Heidenthal, 826 F.2d. 915, 917 (9th Cir. 1994). The amount of damages may be determined from the allegations of the complaint although those allegations are not controlling. Dundee, 722 F.2d. at 1323-24. Where plaintiff is entitled to reasonable

1 attorney's fees by either contract or statute, the court will determine the amount to be
2 awarded. James v. Frame, 6 F.3d 307, 311 (3rd Cir. 1993).

3 The granting or denying of a default judgment is within the court's sound
4 discretion. Draper v. Combs, 792 F.2d 915 (9th Cir. 19986). The following factors are
5 considered in determining whether to grant a default judgment: the substantive merits
6 of plaintiff's claim; the sufficiency of the complaint; the amount of money at stake; the
7 possibility of prejudice to plaintiff if relief is denied; and the possibility of dispute as
8 to any material facts in the case. Moreover, where practicable, policy considerations
9 militate in favor of considering cases on their merits rather than resolving matters
10 through default judgment procedures. Schwab v. Bullock's, Inc., 508 F.2d 353, 355
11 (9th Cir. 1974).

12 Here, the complaint's allegations and evidence submitted establish that Plaintiff
13 is entitled to entry of default judgment on her claims for violation of the FDCAP,
14 RFDCPA, and Cal. Business & Professions Code §17200 et seq. Despite knowledge
15 that Plaintiff had fully paid the outstanding consumer debt (and that the four year statute
16 of limitations had run) S & P continued to demand payment. When Plaintiff refused to
17 make any additional payments, S & P repeatedly threatened to keep the debt on her
18 credit report, to take Plaintiff to court, to garnish her wages, to call her every single day
19 until she paid the debt, and to prevent Plaintiff from ever receiving a credit card or a
20 loan to purchase a car or home. (Myers Decl. ¶¶ 5-17). Further, Plaintiff's ability to
21 purchase a home was hindered by the negative credit report. (Id. ¶¶ 8, 17).
22 Accordingly, the court concludes that the complaint's allegations and evidence
23 submitted establish liability on all of Plaintiff's claims.

24 The only other issue concerns the amount of damages. Plaintiff seeks an award
25 of compensatory damages in that amount of $90,000. The court concludes that this
26 amount is reasonable under the circumstances to compensate Plaintiff for the
27 harassment, abuse, emotional distress, and economic hardship suffered by Plaintiff. S
28 & P's conduct was continuous, systematic, and outrageous. Here, Plaintiff did not owe
the debt, suffered repeated and abusive collection efforts (repeated telephone calls,

1 threats of legal action, garnishment of wages, inability to obtain credit cards and loans,
2 etc.), and suffered sleeplessness, upset, and embarrassment.  Furthermore, Plaintiff
3 declares that she sought medical treatment for the stress suffered by S & P's abusive
4 collection efforts.  In addition to over-the-counter medications, Plaintiff was prescribed
5 Flexeris to relieve pain, and underwent steroid injections for back pain. (Myers Decl.
6 ¶¶22 - 24).  Plaintiff also testifies to the extreme emotional distress caused by S & P's
7 outrageous conduct and that the negative and erroneous reporting of the debt on
8 Plaintiff's credit report hindered her ability to timely purchase a home. (Myers Decl.
9 ¶¶20 - 26).  Further, an award of $90,000 to compensate Plaintiff is commensurate with
10 awards in other similar cases. See Bennett v. Bay ARTea Recovery Services, 2007 U.S.
11 App. LEXIS 7481 (9th Cir. 2007) (Ninth Circuit affirms   district court's default
12 judgment award of $100,000 based upon egregious debt collection practices under
13 FDCPA); Nelson v. Equifax, No. CV 06-1568 (C.D. Cal. 2006) (jury award of $85,000
14 in emotional distress damages for mistakenly reported information on credit report):
15 Panachaisl v. Gurney, 2007 U.S. Dist. LEXIS 17209 (N.D. Cal. March 7, 2007) (court
16 award on default of $60,000 for emotional distress); Greenpoint Credit Corp. V. Perez,
17 75 S.W. 3d 40 (2002) (jury award of $5,000,000 in emotional distress damages for
18 abusive debt collection tactics).  Accordingly, the court award compensatory damages
19 in the amount of $90,000.

20 Pursuant to 15 U.S.C. §1692k(a) and Cal.Civ.Code §1788.30(b), Plaintiff also
21 seeks an award of statutory damages in the amount of $2,000.  The court may award an
22 amount between $100 and $1,000 under the RFDCPA.  Statutory damages are akin to
23 a penalty and require the court to consider the frequency and persistence of
24 noncompliance by the debt collector, the nature of such noncompliance, and the extent
25 to which such noncompliance was intentional.  15 U.S.C. §1692k(b)(1).  In light of S
26 & P's egregious conduct, as set forth above, the court awards Plaintiff $2,000, the
27 maximum amount of statutory damages.

28 Plaintiff also seeks an award of attorney's fees as the prevailing party under

1  FDCPA and RFDCPA.[1]  15 U.S.C. §1692k(a), (a)(1), (a)(2), and (a)(3).  As both
2  statutory schemes provide for the mandatory award of attorney's fees; the court awards
3  Plaintiff her reasonable attorney's fees.  See Ferland v. Conrad Credit Corp, 244 F.3d
4  1145 (9th Cir. 2001) (In a FDCPA case, "district court must calculate awards for
5  attorney's fees using the 'lodestar' method").  Plaintiff's counsel seeks an award of
6  $295 per hour for a partner rate (133.7 hours), $125 per hour for an associate rate (6.65
7  hours), and $95 per hour for paralegals (11.5 hours).  The hourly rates are consistent
8  with the rates charged in the community and the court finds the time expended to be
9  reasonable in light of the complexity of the legal and factual issues and procedural
10 posture of the case. Further, Plaintiff's counsel seeks to reduce the amount of attorney's
11 fees by the amount of attorney's fees ($14,569) obtained in relation to the settlement
12 of the case against LHR.  Plaintiff's counsel seeks a total award of $24,934.50
13 ($39,403.50 less $14,569).  Accordingly, the court awards attorney's fees of
14 $24,934.50.

15 In sum, the court grants default judgment in favor of Plaintiff and against
16 defendant S & P and awards total compensatory and statutory damages of $92,000. The
17 court also awards Plaintiff her attorney's fees in the amount of $29,934.50.  The Clerk
18 of Court is instructed to enter judgment in favor of Plaintiff and against defendant S &
19 P in the above identified amounts and to close the file.

20 **IT IS SO ORDERED.**

21 DATED: February 25, 2008

22 _____
23                                              Hon. Jeffrey T. Miller
                                                 United States District Judge
   cc:        All parties

---

[1] Plaintiff does not seek an award of costs as those expenses were recovered from the prior settlement with LHR.